# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:04cv11

| | |
|---|---|
| GERALD D. PAYNE; DENNY CHARLES PEARCE; MAURICE ANTHONY LASHER, ) ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | MEMORANDUM AND RECOMMENDATION |
| STEVEN A. WARD; SAMUEL G. FERRELL; RAY CHASTEN; HERMAN W. McEWAN; LIONEL KOON; TANTAMOUNT, LLC; PARKLAND TRUST B.T.; JAMES R. KELLER; ADVENTUROUS LIVING, INC., ) ) ) ) ) ) ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on two separate motions filed by the plaintiffs. The plaintiffs have filed a motion in regard to the defendant Lionel Koon, which is entitled "Plaintiffs' Motion to enter the Default of Defendant Lionel Koon and Strike his Pleadings for Failure to Participate In Formulating the Case Management Plain". The plaintiffs have also filed, in regard to the Defendant Herman W. McEwan, a motion entitled, "Plaintiffs' Motion to Enter the Default of Defendant Herman W. McEwan and Strike His Pleadings for Failure to Comply with the Rules". After the filing of these motions on 24 March 2005, the undersigned entered an order on March 30, 2005 directing both the Defendant McEwan and the Defendant Koon, who are proceeding *pro se* in this matter, to make a response to said motions in accordance with the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. The Defendant Koon, on April 8, 2005, filed a document entitled, "Response to Show Cause Order". The Defendant, McEwan has failed to file any response.

# I

# FACTS

The plaintiffs filed their complaint in this matter on January 21, 2004. The Defendant Koon and the Defendant McEwan each filed responsive pleadings on February 17, 2004. On November 24, 2004, well outside the time limits as set forth in Rule 16.1(A) of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina and Rules 16(b) and Rule 26(f) of the Federal Rules of Civil Procedure, there was filed a Certification and Report as required by the Local Rules and Rule 26(f) of the Federal Rules of Civil Procedure setting forth that a scheduling conference had been held as required by those rules. The Certification and Report indicated that "the only participants were counsel for plaintiffs and counsel for Defendant Ferrell; Defendants Koon and McEwan were mailed notice of the conference but did not respond".

# II

# DISCUSSION

## Failure to Comply with Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina

Neither the plaintiffs nor the defendants Koon or McEwan have complied with Local Rule 7.2 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina due to the fact that none of the parties have filed a brief in support of their positions in regard to the motions filed by the plaintiffs. Indeed, the plaintiffs, in their motions, have failed to cite any rule or statute upon which their motions are based. Despite these failures, the court has determined to rule upon the motions. Any further failure on the part of either the plaintiffs or the defendants to comply with either the local rules or the Federal Rules of Civil Procedure will result in application of sanctions and penalties.

# III

# SANCTIONS AND PENALTIES FOR FAILURE TO PARTICIPATE IN RULE 26(f) CONFERENCE AND DISCOVERY PLAN

Rule 26(f) of the Federal Rules of Civil Procedure provides for the timing and content of a proposed discovery plan which is to be prepared by the parties. The rule provides as follows:

> **(f) Conference of Parties; Planning for Discovery.** Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning....
>
> The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

In regard to the discovery conference and proposed discovery plan, the local rule, that being LR 16.1(A) provides as follows:

> **(A) Rule 26(f) Conference.** As soon as is practicable and in any event at least within sixth-nine (69) days of the appearance of a defendant, and within ninety-nine (99) days of service of the complaint, the parties shall confer as provided by Rule 26(f) of the Federal Rules of Civil Procedure and file a proposed discovery plan within five (5) days of the conference which shall serve as a guideline for the Court in issuing a scheduling order as provided by Rule 16(b) of the Federal Rules of Civil Procedure. If the parties choose to stipulate out of, or object to, the mandatory initial disclosure procedure

required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, they must so indicate in the discovery plan.

Plaintiffs, in their motions, request the court to strike the pleadings of both the Defendant Koon and the Defendant McEwan and to enter a default against each defendant for the alleged failure of each defendant to participate in the development of the plan. As stated above, the plaintiffs have not cited any rule of civil procedure or local rule that would grant them such relief. The failure of a party to participate in a discovery plan conference is governed under Rule 37(g) of the Federal Rules of Civil Procedure. That rule provides as follows:

> **Failure to Participate in the Framing of a Discovery Plan.** If a party or a party's attorney fails to participate in good faith in the development and submission of a proposed discovery plan as required by Rule 26(f), the court may, after opportunity for hearing, require such party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

Sanctions such as are requested by the plaintiffs in their motions are not available under Rule 37(g), nor does the court have the authority under Rule 37(g) to strike the pleadings of the defendants or enter a default. Kampfer v Pitcher, 1996 WL 492702 (N.D.N.Y. 1996) and United States v Kahaluu Construction Co., Inc., 857 F.2d. 600, (9th Cir. 1988) FN 3.

It appears that the plaintiffs are confused as to the appropriate rule that was in operation in regard to the participation in a discovery plan conference. Rule 16 of the Federal Rules of Civil Procedure provides sanctions for failure to attend a **pretrial conference**. Those sanctions are as follows:

> **(f) Sanctions**. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of

the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2)(B) (C) (D) does allow for sanctions in the form of the striking of pleadings and entering of defaults. However, due to the fact that the plaintiffs are seeking sanctions against the Defendants Koon and McEwan for their failure to participate in the development and submission of a proposed discovery plan under Rule 26(f) and not for the failure of either Koon or McEwan to attend a pretrial conference, such relief is not available to the plaintiffs. Koon advises in his response that he does not object to the scheduling as set forth in the discovery plan. The Defendant McEwan was evidently incarcerated at the time of the development of the plan. [1] (Plaintiffs' Response to Defendant McEwan's Motion to Dismiss and Summary Judgment Motion ¶ 10)

As a result of the fact that each of the plaintiffs' motions request relief outside of that allowed by Rule 37(g) of the Federal Rules of Civil Procedure, the plaintiffs' motions are subject to being denied and it shall be the recommendation of the undersigned that said motions be denied.

IV

RESPONSE OF DEFENDANT KOON

In an order filed by the District Court in this matter on July 2, 2004, the Defendant Koon was given specific instructions on the procedures that he should use to contest jurisdiction or service of process. The District Court stated, "Parties seeking to contest jurisdiction or service of process must do so by making a formal motion setting forth the

---

[1] The undersigned is advised that the Defendant McEwan has recently completed service of sentence but has been deported to the country of Jamaica.

grounds in support of his or her contentions". In the pleading filed by the Defendant Koon on April 8, 2005 entitled, "Response to Show Cause Order", the Defendant Koon has further raised the issue of jurisdiction. In order to expedite this matter, and to attempt to resolve issues which would relieve the District Court from having to consider such matters at or near trial, the undersigned has considered the Defendant Koon's "Response to Show Cause Order" as a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure. In light of the court's order herein, the plaintiffs are not required to respond to the Defendant Koon's "Response to Show Cause Order".

Defendant Koon contends that he is not subject to the jurisdiction of this court and desires not to participate in this matter until the last minute in order to save costs. The correct method for challenging the personal or subject matter jurisdiction of this court is to file a motion to dismiss. The Federal Rules of Civil Procedure simply do not provide a defendant with the self-help remedy of choosing which rules he will follow or will not follow.

Review of the Amended Complaint and Defendant Koon's Answer reveals that plaintiffs are contending that Defendant Koon resides in Idaho, Amended Complaint, at ¶ 7, is a trustee of "Parkland Trust, B.T.," id., at ¶ 25, that plaintiffs' funds were the subject of multiple bank transfers to defendants, id., plaintiffs transferred funds "via interstate bank wire" to Defendant Ward, id., at ¶ 18, and that Defendant Koon "spent the remainder of the funds in Las Vegas, Nevada." Id., at 25. Plaintiffs have alleged that Defendant Koon and the other defendants "collectively" committed the torts of negligence, negligent misrepresentation, "tortuous" breach of contract, breach of fiduciary duties, fair and good faith dealing, unfair and deceptive trade practice, private action under N.C. RICO, joint venture and civil conspiracy, conversion, vicarious liability, fraud, and unjust enrichment.

While Defendant Koon appears to argue that this court lacks jurisdiction over him based on a lack of personal contacts with North Carolina, plaintiffs have alleged that they transferred funds "via interstate bank wire" to defendants that were subsequently disposed of by Defendant Koon in Las Vegas. Id., at ¶¶ 18 & 25. Plaintiffs have not alleged that Defendant Koon had any contacts with North Carolina and the undersigned can find no "federal civil co-conspirator" exception to personal jurisdiction See Davis v. A & J Electronics, 792 F.2d 74 (7th Cir. 1986) (no federal civil con-conspirator exception to in personam jurisdiction).

North Carolina's long-arm statute and substantive law appears, however, to fully anticipate haling into a North Carolina court those who remain outside the state, but participate in an alleged fraud targeting residents and their assets which are located in North Carolina. North Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause. Hiwassee Stables, Inc. v. Cunningham, 135 N.C.App. 24, 27 (1999). Here, plaintiffs have alleged that they transferred substantial sums of money from North Carolina by interstate wire to defendants, and that Defendant Koon converted such funds to his own use and spent the funds in Las Vegas. This is sufficient to invoke North Carolina's long-arm jurisdiction as a matter of law. [2] ETR Corp. v. Wilson Welding Service, Inc., 96 N.C.App. 666, 668-69 (1990) (the transmittal of a check drawn on a North Carolina bank by a North Carolina plaintiff and sent to an out-of-state defendant constitutes "a thing of value" for purposes of the long-arm statute).

Indeed, plaintiffs have alleged that Defendant Koon engaged in an unfair and deceptive trade practice, and Chapter 1-75.4(5)(d) of the North Carolina General Statutes

---

[2] The court notes that plaintiffs have not alleged the details of the wire transfer, including the names and location of the originator bank. Such details would, no doubt, have been forthcoming had Defendant Koon properly moved to dismiss.

specifically invokes personal jurisdiction in any transaction which relates to things of value shipped from this state by plaintiffs to defendants in another state. N.C.Gen.Stat. § 1-75.4(5)(d). As to the sufficiency of contacts, plaintiffs have alleged that other defendants, who were acting on behalf of and in a conspiracy with Defendant Koon, had numerous contacts with plaintiffs in North Carolina, including by phone, emails, and personal meetings in Asheville. These contacts are sufficient. ETR Corp., supra; Starco, Inc. v. AMG Bonding & Ins. Serv., Inc., 124 N.C.App. 332, 337 (1996) (Foreign defendant which solicited plaintiff's business in North Carolina although never physically appearing here subject to personal jurisdiction). Simply stated, North Carolina law will not allow a person to claim the protection of state lines where that person allegedly works in concert with others to unlawfully convert things of value in North Carolina to their own use.

Defendant Koon's reliance on a theory of lack of personal jurisdiction is, therefore, misplaced. The undersigned will therefore recommend to the District Court that the Defendant Koon's "Response to Order to Show Cause" be considered as a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure as that said motion be denied.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED**:

1. That plaintiffs' motions with respect to the Defendant Lionel Koon and the Defendant Herman W. McEwan be **DENIED.**

2. That the court consider the Defendant Koon's "Response to Order to Show Cause" as a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure and that said motion be **DENIED.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and

recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: May 20, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge